LAURA E. WALKER, Respondent, v. MARCELLUS AND OTISCO LAKE RAILROAD COMPANY, Appellant.

Fourth Department, July 3, 1917.

Real property — ejectment — conveyance of right of way to railroad company with reservation of lime kiln — effect of subsequent destruction of kiln by railroad company without authority — rights of purchaser through foreclosure under deed containing same reservation — burden of proof — creation of conditions precedent and subsequent — reservation and exception distinguished.

Where, in an action for ejectment, it appears that the plaintiff conveyed a right of way to a railroad company, reserving and excepting out of the premises for herself, her heirs and assigns, a lime kiln and the land occupied thereby so long as said kiln is kept and used for the purpose of burning lime, and providing that the burning of any quantity in any year shall be a keeping and using of said kiln; that the railroad company being unable to purchase said kiln from the plaintiff destroyed the same and established their tracks over the site; that the kiln had been operated

by the plaintiff or some members of her family up to within one year of the time of its destruction, and that thereafter the property of the railroad was sold in a foreclosure action and subsequently purchased by the defendant, the deeds containing the same reservation set forth in the conveyance from the plaintiff, it will be held that there was a clear intention to reserve out from the grant by the plaintiff the particular parcel of land, and that a verdict decreeing ownership and right of possession in the plaintiff should be affirmed.

The general tendency of the courts is to construe such clauses as conditions subsequent; in other words, as covenants rather than as conditions working forfeitures of titles.

The railroad company could not by destroying the kiln without authority effect a forfeiture of plaintiff's rights. Nor could it through the foreclosure transfer any greater title than it had.

Since the transfer by the plaintiff conveyed a mere possibility of title following breach of the condition for continuous use of the kiln, the burden was not upon the plaintiff to show a continuous use, but upon the defendant to show a breach of the condition.

No particular words are essential to create conditions precedent or subsequent. Each deed is to be construed in the light of the circumstances surrounding it, and the real inquiry is the intention of the parties.

A reservation is not a part of the title, but an exception is something carved out of the thing granted.

APPEAL by the defendant, Marcellus and Otisco Lake Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Onondaga on the 16th day of February, 1917, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*Howard R. Bayne,* for the appellant.

*Harry Barber,* for the respondent.

LAMBERT, J.:

The action is, in form, ejectment. Upon the trial, at the close of the evidence, the court directed a verdict for the plaintiff, according possession of the property to plaintiff and submitting to the jury the question of damages only. The jury found that the land had no rental value, and hence the verdict stands as simply one decreeing ownership and right of possession in the plaintiff.

Briefly, the facts are as follows: The property involved

is that portion of the little square indicated upon the map in the record marked " lime kiln " included within the confines of the right of way now claimed to be owned by the appellant. On April 24, 1894, the plaintiff became the owner of a certain piece of land embodying the lands here in dispute. On the 19th of July, 1900, she deeded to the Marcellus Electric Railroad Company a right of way identified upon said map. At the time of her purchase, in 1894, there was on the property in question a lime kiln, which was operated by the plaintiff or some members of her family up to within one year of the time of its destruction. The greater part of this kiln was located within the right of way conveyed by the plaintiff to the Marcellus Railroad Company, but was expressly excepted from such conveyance.

The railroad was in process of building and approached the vicinity of this lime kiln about September, 1900. As the construction approached this locality, effort was made by the railroad company to open negotiations looking to a purchase of the lime kiln. These negotiations were fruitless, and finally the grading contractor of the Marcellus Electric Railroad Company, in the presence of the treasurer and attorney for the railroad company and with the acquiescence of the railroad's chief engineer, entered upon this property and tore down and destroyed the lime kiln, established their grades and laid their track as it exists now, directly over the site of the kiln.

In August, 1903, foreclosure judgment was entered against the Marcellus Electric Railroad Company, and its properties were all sold by a referee to Willard P. Barrows, and in 1905 Barrows deeded the same to the defendant in this action, of which defendant company he became treasurer and general manager and which position he held for several years.

The foreclosure deeds and that from Barrows to the defendant each contained the same exception set forth in the deed from the plaintiff to the Marcellus Electric Railroad Company.

Upon these facts the verdict was directed, and its correctness turns upon the construction to be placed on the conveyance from plaintiff to the Marcellus Electric Railroad Company. That deed contained the following exception: " Said grantor

Fourth Department, July, 1917. [Vol. 179.

reserves and excepts out of the aforesaid premises for herself, her heirs, grantees, lessees, and assigns, the lime kiln and the land that the same now occupies, so long as said lime kiln is kept and used for the purpose of burning lime, and a burning of any quantity of lime at said kiln in any year shall be a keeping and using of said kiln ' for the purpose of burning lime ' for that year. Said grantor, her heirs, grantees, lessees and assigns are also to have the right and privilege of repairing said lime kiln and she and they are to have all the other rights, privileges and appurtenances she heretofore or now uses and enjoys at said lime kiln."

The appellant argues that this clause created a condition precedent to the retention of title by the plaintiff of the piece of land in dispute and argues that it was necessary for plaintiff to both plead and prove the operation of the lime kiln at all times up to within a year of the bringing of the action, and that for failure so to do the plaintiff should have been nonsuited.

The contention of the defendant is that the clause in question reserved out the title to this disputed parcel, and that hence title thereto never vested in the Marcellus Electric Railroad Company at all, and that the most that can be said for the conveyance is that it created a condition subsequent, upon the happening of which the title might possibly be said to then vest in the grantee.

The respondent further argues that because of the destruction of the lime kiln, at the suggestion and with the acquiescence of the grantee in the deed, if, in fact, the deed does create a condition subsequent, that condition never became operative because of such destruction. In other words, that the railroad company could not by its act render impossible observance of the condition and then assert claim to the title founded upon a failure to observe that condition.

It seems clear to me that the verdict is correct and was properly directed.

No particular words are essential to create conditions precedent or subsequent. Each deed is to be construed in the light of the circumstances surrounding it, and the real inquiry is the intention of the parties.

A reservation is not a part of the title, but an exception is

something carved out of the thing granted. Rents may be reserved while title is conveyed, but it is not unusual to embody in the conveyance a description of more than it is intended to convey and then carve out therefrom a portion by way of exception.

This distinction between reservations and exceptions is pointed out in numerous cases, beginning with *Craig* v. *Wells* (11 N. Y. 315), and further illustrated by *Blackman* v. *Striker* (142 id. 561); *Hathaway* v. *Payne* (34 id. 114); *Schoonmaker* v. *Hoyt* (148 id. 425) and also *City Club of Auburn* v. *McGeer* (198 id. 609).

The general tendency of the courts is to construe such clauses as conditions subsequent. In other words, as covenants rather than as conditions working forfeitures of titles.

Examination of the exception in question indicates clear intention to reserve out from the grant this particular parcel of land. It is expressly excepted out of the lands conveyed and hence that deed conveyed to the railroad company no title at all in this disputed parcel. At most, it conveyed a mere possibility of title following breach of the condition for continuous use of the kiln. This being true, the burden was not upon the plaintiff to show a continuous use but upon the defendant to show a breach of the condition.

Further, the point seems well taken that the railroad company instigated and was directly responsible for the destruction of the kiln and that that occurred at a time when the railroad company was recognizing title thereto in the plaintiff and seeking to purchase her interest. The railroad could not, by destroying the kiln without authority, work a forfeiture of plaintiff's rights, and under those circumstances the right of revertur (if it may be so termed) would never ripen into a title predicated as such title must be, upon failure to observe the condition, prevented by the grantee's destruction.

The railroad company, in this position, could not, through the foreclosure, pass on to Barrows any greater title than it had, and hence the deed to Barrows conveyed nothing other than the mere possibility of a title and even that charged with the effect of the destruction by the railroad company. The like is true with reference to the deed to the defendant. Hence upon the conclusion of the proof the evidence showed

a title in the plaintiff and no title in the defendant.    It showed a withholding of possession without right of law, and hence the verdict was compelled in favor of the plaintiff.

I, therefore, recommend an affirmance of this case.

All concurred.

Judgment and order affirmed, with costs.